**UNITED STATES COURT OF INTERNATIONAL TRADE**
**HONORABLE CLAIRE R. KELLY, JUDGE**

|  |  |
|---|---|
| International Rights Advocates, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | )  Case No. 23-00165 |
|  | ) |
| Alejandro Mayorkas, *et. al,* | ) |
|  | ) |
| Defendants. | ) |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff International Rights Advocates ("Plaintiff") respectfully submits this Notice of Supplemental Authority to advise this Court of the recent decision in *Ninestar Corp. v. United States*, CIT Court No. 23-00182, Slip Op. 24-24 (Feb. 27, 2024) ("*Ninestar*")(attached). This decision was issued four days after Plaintiff filed its February 23, 2024 Opposition (Doc. 17) to the Defendants' motion to dismiss the complaint in this case.

The Court's decision in *Ninestar* held that the U.S. government needed only "reasonable cause" to believe that Ninestar was violating that Uyghur Forced Labor Prevention Act ("UFLPA") such that its imports may be prohibited from entering the United States. *Ninestar* at 36. The Court rejected Ninestar's argument that the more stringent "preponderance of the evidence" standard applied. In reaching this holding, the Court also clarified the burden of proof necessary for U.S. Customs and Border Protection ("CBP") to issue a Withhold Release Order ("WRO") under Section 307 of the Trade Act. The Court noted that when Congress passed the UFLPA, it "designed the UFLPA against the backdrop of section 307's existing statutory and

regulatory enforcement scheme." *Id.* at 37. The Court surveyed that enforcement scheme, writing:

> First, a Customs officer initiates an investigation of merchandise based on a reason to believe. *See* 19 C.F.R. § 12.42(a). Next, Customs issues a WRO against particular merchandise based on its "reasonabl{e} but not conclusive{}" belief, *see id.* § 12.42(e), **which is comparable to a burden of proof of reasonable cause**. At that point, an embargo against that merchandise goes into effect. Finally, Customs publishes a formal finding based on its preponderance-of-the-evidence "determin{ation}." *See id.* § 12.42(f).

*Id.* at 36-37 (emphasis added). The Court's finding that reasonable cause is the correct standard of proof for CBP to issue a WRO under Section 307 was essential to its holding that the same standard governs the UFLPA. Because Congress's intent in passing the UFLPA was to strengthen Section 307's prohibition on goods made with forced labor, using a "reasonable cause burden of proof avoids an illogical asymmetry where the Government can more easily obtain section 307 embargoes than UFLPA embargoes." *Id.* at 36. In other words, requiring a "preponderance of the evidence" standard for UFLPA proceedings would have improperly heightened the standard of proof above what is required for Section 307 WROs. The Court concluded that "{r}easonable cause . . . better strengthens forced labor enforcement by bringing UFLPA listing decisions in line with section 307 WROs{.}" *Id.* at 38.

The Court's decision in *Ninestar* is relevant to this case because it highlights the unreasonableness of CBP's delay in issuing a WRO against imports of cocoa products made with forced child labor in Côte d'Ivoire. To issue a WRO in response to Plaintiff's Section 307 petition, CBP does not have to find that imports are made with forced child labor by a preponderance of the evidence. It only has to find that there is reasonable cause to believe imports are made with forced child labor to issue a WRO. CBP's continual delay in taking the

discrete action of issuing a WRO in response to the substantial evidence submitted in Plaintiff's Petition is especially unreasonable in light of this low burden of proof.

Respectfully Submitted,

/s/ Terrence P. Collingsworth
Terrence P. Collingsworth
(DC Bar # 471830)
INTERNATIONAL RIGHTS
ADVOCATES
621 Maryland Avenue NE
Washington, D.C. 20002
Tel.: (202) 543-5811
tc@iradvocates.org
*Counsel for Plaintiff*

Dated: March 5, 2024